JAN SKUTNIK *et al. vs.* ROSELLA L. MONROE.

AUGUST 16, 1956.

PRESENT: Flynn, C.J., Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J. This bill in equity was brought by the owners of certain real estate on Broad street in Valley Falls in the town of Cumberland to restrain permanently the owner of adjoining real estate from trespassing upon land over which the respondent claims an easement. After a hearing in the superior court on bill, answer and proof a decree was entered denying and dismissing the bill of complaint. From that decree complainants have appealed to this court.

A common ancestor in title of this land created by grant, for the benefit of the respondent's land, a nine-foot easement of passage on and over complainants' land next to the boundary between the two properties. It is not disputed that the conveyance to complainants was made subject to this easement.

The respondent had never used this easement but gave complainants notice of her intention to do so and this bill was brought to settle the rights of the parties. The complainants admitted that an easement created by grant is not lost by mere nonuser. They claim, however, that this easement was abandoned by respondent and also that they have shown adverse user for more than ten years. The trial justice decided against complainants and stated in his rescript: "There is no evidence before the Court that the respondent or any ancestor in title, by word or act, showed any intention to voluntarily abandon or release the right to use the driveway southerly of respondent's land."

We are in agreement with this statement and in our opinion the decision is without error. The complainants first contend that the trial justice failed to consider the fact that respondent had erected an outdoor fireplace next to the boundary between the two properties, but it is clear from the evidence that this was on respondent's own land and not on the nine-foot strip. Consequently it would not interfere

with the use of the right of way and in our judgment this fact is no evidence of abandonment. The complainants further claim that there is now a chain link fence between the properties; that it was there before they bought their land in 1927; and that they have set out flowers and shrubs along that fence on their side. However, complainant Jan Skutnik admitted that the shrubbery and plants would not prevent the passage of an automobile along the nine-foot strip in dispute.

Moreover it is significant that complainants built and still maintain a fence along their property on the street side with gates at the street end of this nine-foot strip, where there is also a driveway break in the pavement and where the sidewalk is graded down to the street. The complainant Jan Skutnik admitted that these gates were wide enough to accommodate an automobile. This is strong evidence of the recognition by complainants of the right of way over their land and it controverts their claim of adverse user.

The complainants' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Philip M. Hak,* for complainants.

*Ambrose V. Aylward,* for respondent.